MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff STEVEN EMTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| STEVEN EMTER,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD; ANTHEM INSURANCE COMPANIES, INC., and PARKER HANNIFIN CORPORATION GROUP EMPLOYEE BENEFIT PLAN;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for health insurance benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff alleges upon information and belief that Defendant, ANTHEM BLUE CROSS AND BLUE SHIELD is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Indiana and authorized to transact and transacting the business of insurance in this state.

5. Plaintiff alleges upon information and belief that Defendant, ANTHEM INSURANCE COMPANIES, INC. (hereafter, "Anthem"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Indiana and authorized to transact and transacting the business of insurance in this state.

6. Plaintiff is informed and believes and thereon alleges that Defendant, PARKER HANNIFAN CORPORATION GROUP BENEFIT PLAN (hereafter "Plan") is an employee welfare benefit plan established and maintained by Parker Hannifan Corporation, an Ohio corporation, to provide its employees with health insurance protection, and, is the Plan Administrator.

7. Plaintiff STEVEN EMTER (hereafter, "Plaintiff") is a resident and

citizen of the State of California, an employee of Parker Hannifin Corporation and a participant in the employee benefit plan.

8. Defendant Anthem issued group health insurance coverage under Group ID 270138PAAA to Parker Hannifin Corporation and the eligible participants under the Plan.

9. On or about July 19, 2022, Plaintiff sustained a left open calcaneus fracture and closed right calcaneus fracture/talar dome fracture while mountain biking.

10. Plaintiff was initially evaluated by Vancouver Coastal Health Emergency Department/LGH Lions Gate Hospital and was subsequently admitted to the hospital.

11. On or about July 20, 2022, Plaintiff underwent an open reduction internal fixation of his left open calcaneus fracture.

12. On or about July 22, 2022, Plaintiff was discharged from the hospital.

13. Plaintiff subsequently submitted a health insurance claim related to the treatment he received from Vancouver Coastal Health/LGH Lions Gate Hospital.

14. Based upon information and belief, Defendant Anthem denied Plaintiff's health insurance claim.

15. On or about December 13, 2022, Plaintiff requested an appeal review of his claim, and informed Defendant Anthem that:

- The claim was for an emergency.
- I arrived at the hospital while on vacation in Canada in an ambulance with a compound broken ankle on the left side and broken ankle on the right side.
- On the Anthem website, it clearly states that if you have an emergency, that preapproval is not required for treatment. Three examples listed on the Anthem website as emergencies are: has a broken bone; is bleeding a lot; has a serious injury. I had all three of those with just the compound fracture on my left ankle, and due to the injuries being bilateral, I was unable to walk at all or even be mobile.

16. On or about February 9, 2023, Defendant Anthem denied Plaintiff's first appeal and opined that the care he received could have been done without a hospital admission and therefore his hospital admission was not medically necessary.

17. Based upon information and belief, Plaintiff timely requested another appeal review. As advised by Plaintiff in his appeal, there were several reasons his hospitalization was medically necessary, including:

- He suffered from a compound fracture with large open wound, exposed bone and tissue could become infected and potentially cause foot amputation;
- He experienced excessive bleeding from the wound;
- An operating room was not immediately available to perform necessary surgery;
- The open wound needed to be cleaned due to the accident happening in the dirt and then needed to be closed; and
- The fractures required immediate surgery to stabilize the bones and joint to prevent further injury.

18. On or about March 13, 2023, orthopedic surgeon Dr. Peter Zarkadas prepared a letter in support of Plaintiff's appeal, explaining that:

- Due to the nature of his fracture (Open Ankle Fracture and lacerations), he was admitted into the hospital to be monitored overnight and put on IV antibiotics while he waited for a surgical spot.
- Due to our long trauma list at that time, no spots were available [until] the following day.
- The day following the surgery there was continued significant bleeding of the laceration, but the patient was discharged so he could return to the United States.

19. On or about May 4, 2023, Defendant Anthem once again denied Plaintiff's appeal and reaffirmed the prior denials.

20. On or about July 19, 2023, orthopedic surgeon Dr. Rajan Patel reviewed Plaintiff's medical records as well as the correspondence from Defendants. Following his review, Dr. Patel prepared a report outlining his disagreement with Defendants' denial:

- I am a orthopedic surgeon who has taken trauma call at a level 1 trauma center here in West LA.
- As a orthopedic surgeon on staff at Cedars-Sinai Medical Center I have treated many patients with open fractures.
- The standard of care for a patient presenting with open fracture is immediate debridement and stabilization. This was done in the ER for this patient where the wound was dressed with sterile dressings, a posterior splint was applied and he was started on IV antibiotics.
- The literature clearly shows that this type of surgery is not one that should be done in the middle of the night. Patient was seen approximately 5pm and ultimately underwent surgery the following day which is within the standard treatment.
- This type of surgery is complicated and requires coordination with implant vendors. Additionally, it is important to have the appropriate staff in order to decrease complications that can arise from this type of open fracture to the calcaneus. Therefore, it is very important to have a surgical nurse, surgical tech, fluoroscopy technician, and a appropriate anesthesiologist who can all work together expeditiously. This coordination of care is difficult to perform in the middle of the night.
- Additionally, given the fact that the patient had bilateral lower extremity calcaneus fractures. This would make it very difficult for him to travel back to the United States. Without fixation he would not only have increased risk of infection and secondary osteomyelitis of the bone he would be at increased risk of developing medical complications such as

blood clots and wound complications.

- In my opinion if the patient was not admitted and simply treated by immobilization and discharged from the hospital that would have been below the standard of care particularly in light of the fact that the patient had a compound open calcaneus fracture on the right leg and concomitant closed calcaneus fracture on the left.

21. On or about September 9, 2023, Defendant Anthem acknowledged receipt of a request for further appeal review but as Defendant Anthem felt there was no new information provided no further appeal review was conducted.

22. As a direct and proximate result of Defendants' denials, Plaintiff has been left without health insurance coverage for the substantial outstanding medical bills related to his medical treatment and surgery.

23. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorney fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

24. A controversy now exists between the parties as to whether Plaintiff's health insurance bills are covered by the Plan. Plaintiff seeks the declaration of this Court that his medical care and treatment should be covered by the Plan and health insurance benefits are to be paid.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An order by the Court that his health insurance claim is covered the Plan and health insurance benefits are to be paid;

2. For reasonable attorney fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper.

DATED: October 16, 2023

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
*Attorneys for Plaintiff*